**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| FRACTAL ANALYTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE SLOAN,<br><br>Defendant. | Civil Action No. _________________ |

## COMPLAINT

Plaintiff Fractal Analytics, Inc. (hereinafter "Fractal Analytics"), by counsel, alleges as follows for its Complaint against Defendant Danielle Sloan (hereinafter "Ms. Sloan").

## NATURE OF THE SUIT

1. This is an action for federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), state trademark infringement and unfair competition against Ms. Sloan.

## PARTIES

2. Fractal Analytics is a corporation organized and existing under the laws of New York with a principal business address of One World Trade Center, Suite 76J, New York, New York 10007. Fractal Analytics was founded in 2000, and is an analytic company providing information and consultancy services to organizations for data-driven decision-making.

3. Upon information and belief, Defendant Danielle Sloan is a resident of Charlotte, North Carolina with an address of 710 W Trade St Unit 318, Charlotte, NC 28202-1355. Ms. Sloan claims to be the founder of "Uncertainty LLC, a North Carolina limited liability company doing

business as FractalAI," but North Carolina business records reflect no such limited liability company. On information and belief, Ms. Sloan herself is doing business under the marks FRACTAL and FRACTALAI and, if "Uncertainty LLC" exists, Ms. Sloan has authorized, assisted, conspired with, or otherwise cooperated with and/or directed "Uncertainty LLC" in the acts complained of herein.

## JURISDICTION AND VENUE

4. This civil action arises out of Ms. Sloan's violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, along with related claims under North Carolina law.

5. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Ms. Sloan because she is a resident of Charlotte, North Carolina. Additionally, she has sufficient minimum contacts with North Carolina that she can expect to be haled to court here and the exercise of personal jurisdiction is consistent with due process. To the extent applicable, Ms. Sloan's actions also satisfy North Carolina's long-arm statute, G.S. 1-75.4, in that Ms. Sloan is causing tortious injury by acts in North Carolina by offering and selling her services in North Carolina.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Ms. Sloan is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## FRACTAL ANALYTICS' RIGHTS

8. Fractal Analytics was founded in 2000 to provide software and strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery

services, predictive analytics solutions, valuation management, artificial-intelligence-driven data analytics software and services, and various other business-oriented software solutions.

9. Since its founding, Fractal Analytics has used numerous FRACTAL formative marks around the world, including in the United States, in association with a wide range of software development, data analytics, and related services. These marks include FRACTAL, FRACTAL ANALYTICS, FRACTAL INTELLIGENCE FOR IMAGINATION, and FRACTAL.AI (collectively the "FRACTAL Marks").

10. Fractal Analytics offers and promotes its products and services on its website hosted at the domain FRACTAL.ai.

11. Fractal Analytics has been recognized as a leader among software and data analytics service providers, and has received numerous awards and recognition for its products and services. This recognition includes achieving AWS Premier Tier Servis Partner status with the Amazon Web Services Partner Network in 2025; being named a leader by independent analyst Forrester Research numerous times (most recently 2023); and winning the "Analytics Platform/Solution Provider of the Year" award by Frost & Sullivan, a leading independent research firm, in 2018.

12. The independent global research and advisory firm Gartner named Fractal Analytics to its Hype Cycle list for Digital Care Delivery Including Telemedicine and Virtual Care in 2017 and 2018 as well as to its Hype Cycle lists for U.S. Healthcare Payors, Supply Chain Strategy, and Business Process Services in 2018. Gartner also recognized Fractal as a representative vendor for customer analytics service providers in 2021.

13. Gartner also included Fractal Analytics' Cuddle.ai product in its 2017 Magic Quadrant for Business and Intelligence and Analytics Platforms report, identifying Cuddle.ai as

one of the emerging and next-generation innovative modern business intelligence and analytics platforms vendors for the "Smart Data Discovery" category.

14. Fractal Analytics has received a wide range of additional awards and recognitions from around the world including, for example, the Best Artificial Intelligence Solution in the credit scoring category at the 2017 Artificial Intelligence Worldwide Software Vendor Selection Event; ranked by Inc. among the Fastest Growing Private Companies in Business Products and Services for five consecutive years; identified on the Great Place to Work® list for 2017; recognized as the "Leader" in Forrester Research's report "The Forrester Wave: Customer Analytics Service Providers, Q3 2017"; and the 2018 Analytics Platform/Solution Provider of the Year award by Frost & Sullivan.

15. Fractal Analytics promotes its products and services offered under the FRACTAL Marks through *inter alia*, its website at FRACTAL.ai, in various digital mediums including LinkedIn, Facebook, Twitter, Glassdoor, GooglePlus, and Youtube, and through advertisements in print magazines such as the Economist.

16. Fractal Analytics uses the FRACTAL Marks at trade shows, conferences, and symposia throughout the world including *inter alia* at the Retail and Consumer Goods Analytics Summit and the NASSCOM C Summit.

17. Due to Fractal's longstanding use of the FRACTAL Marks and the goodwill engendered by its high quality products and gratuitous publicity, consumers recognize the FRACTAL Marks as denoting Fractal's goods and services.

18. By creating, adopting, and extensively using the FRACTAL Marks with data analytics and related software and services for over fifteen years, Fractal is entitled to wide trademark protection for the FRACTAL Marks.

19. The FRACTAL Marks are entitled to common law trademark rights in the fields of software, data analysis, business consultancy, business intelligence, and artificial intelligence.

20. In addition to its common law trademark rights, Fractal owns a portfolio of trademark registrations for the FRACTAL-formative, both within the United States and abroad.

21. The FRACTAL word mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934960, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit A.

22. The FRACTAL word mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 7450981, for "Consultancy in the field of financial services; financial services, namely, financial data analysis through use of computer software and artificial intelligence." *See* Exhibit B.

23. The FRACTAL design mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605981, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit C.

24. The FRACTAL ANALYTICS mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934961, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit D.

25. The FRACTAL.AI mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 7746741, for "Business data

analysis through use of computer software" and "Software-as-a-service (saas) for business data analysis." *See* Exhibit E.

26. The FRACTAL INTELLIGENCE OF IMAGINATION mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605982, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit F.

27. Fractal Analytics' federal registrations for the FRACTAL Marks are *prima facie* evidence of the validity of the marks, of Fractal Analytics' ownership of the marks, and of Fractal Analytics' exclusive right to use the marks in U.S. commerce. 15 U.S.C. § 1115(a).

28. Registration Nos. 4934960, 4934961, 5605981, and 5605982 have achieved incontestable status, which renders them *conclusive* evidence of the validity of the marks, of Fractal Analytics' ownership of the marks, and of Fractal Analytics' exclusive right to use the marks in U.S. commerce. 15 U.S.C. § 1065.

**DEFENDANT DANIELLE SLOAN'S UNLAWFUL ACTIVITIES**

29. Ms. Sloan operates as FractalAI, with a website fractalai.square.site. According to the website, Ms. Sloan offers artificial-intelligence assistance to businesses, and promotes her services by encouraging visitors to "[s]implify your startup with AI assistance."

30. On information and belief, Ms. Sloan, through FractalAI, acts as a service provider, using artificial intelligence to provide technology solutions to businesses.

31. Fractalai.square.site uses the terms FRACTAL and FRACTALAI in not only the domain name but also on the website itself.

32. A screenshot of the main page of fractalai.square.site is reproduced below:




33. Ms. Sloan also allows customers to book appointments with FractalAI:




34. On information and belief, Ms. Sloan began using FRACTAL, FRACTALAI, and the associated website years after Fractal Analytics commenced use of the FRACTAL Marks in U.S. Commerce.

35. On information and belief, Ms. Sloan began using FRACTAL, FRACTALAI, and the associated website years after Fractal Analytics commenced use of the FRACTAL.AI mark U.S. Commerce.

36. On information and belief, Ms. Sloan began using FRACTAL, FRACTALAI, and the associated website years after Fractal Analytics obtained U.S. federal registrations in the FRACTAL Marks.

37. There is no issue of priority given that Ms. Sloan adopted use of FRACTAL and FRACTALAI years after Fractal Analytics' commencement of use and registration of the FRACTAL Marks.

38. FRACTAL and FRACTALAI are identical in part to, and confusingly similar to, the FRACTAL Marks.

39. Ms. Sloan's unauthorized use of FRACTAL and FRACTALAI is directed to services highly related to those offered by Fractal Analytics, and are directed to overlapping consumer bases.

40. Ms. Sloan's unauthorized use of FRACTAL and FRACTALAI constitutes infringement of the FRACTAL Marks, unfair competition and false designation of origin.

41. On June 16, 2025, Fractal Analytics, through counsel, sent a letter to Ms. Sloan, informing her of Fractal Analytics' trademark rights, and that her use of FRACTAL and FRACTALAI infringes on those rights. A true and correct copy of the correspondence is attached hereto as Exhibit G.

42. Ms. Sloan responded to the June 16, 2025 letter conveying a document entitled "FractalAI_LegalResponse_Strong." The document is a letter, purportedly written by a "firm represent[ing] Uncertainty LLC, a North Carolina limited liability company doing business as

FractalAI," but is signed in Ms. Sloan's name as "Founder, Uncertainty LLC d/b/a FractalAI." The letter includes numerous inapt legal citations, including one indicating that the Fourth Circuit has determined FRACTAL to be a widely used scientific and technical term (the term FRACTAL appears nowhere in the cited case). The letter also rebuts phantom claims of cybersquatting and trademark dilution, which Fractal Analytics never raised. On information and belief, this letter was generated by an artificial intelligence tool and sent to give the false impression that Ms. Sloan is, or is acting on the advice of, a legal professional. A true and correct copy of the correspondence is attached hereto as Exhibit H.

43. Ms. Sloan's June 16, 2025 letter concluded by stating that "[o]ur client [presumably referring to Ms. Sloan, though she herself signed the letter] will not cease use of the FractalAI name or domain," and asserted that she would file a complaint for declaratory relief should Fractal Analytics "proceed further."

44. Despite having constructive and actual notice of Fractal Analytics' trademark registrations, and, on information and belief, without seeking competent legal advice or analysis of Fractal Analytics' cessation demand, Ms. Sloan has continued her unauthorized use of the FRACTAL and FRACTALAI marks.

**COUNT ONE:**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

45. Fractal Analytics repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

46. Fractal Analytics has continuously used the FRACTAL Marks in U.S. Commerce since at least 2006 in association with software, data analysis, business consultancy, business intelligence, and artificial intelligence.

47. The FRACTAL Marks are inherently distinctive and consumers associate the marks with Fractal Analytics as the source of the products and services offered under the marks.

48. Fractal Analytics is the exclusive owner of U.S. Patent and Trademark Office registrations for the marks FRACTAL, FRACTAL (stylized), FRACTAL ANALYTICS, FRACTAL INTELLIGENCE FOR IMAGINATION, and FRACTAL.AI. *See* Exs. A-F.

49. Notwithstanding Fractal Analytics' statutory and common law rights in the FRACTAL Marks, with knowledge of the FRACTAL Marks, and with actual and constructive notice of Fractal Analytics' rights in the FRACTAL Marks, Ms. Sloan is promoting and selling in interstate commerce artificial intelligence services and software, and/or software for business data analytics and consulting, under a mark identical or confusingly similar to the FRACTAL Marks—including at least FRACTAL and FRACTALAI—without Fractal Analytics' authorization or consent.

50. Such copying and use by Ms. Sloan of the FRACTAL Marks is likely to cause confusion, deception, and mistake among the members of the public and the trade as to the source or affiliation of Ms. Sloan's services and those of Fractal Analytics.

51. Ms. Sloan's unauthorized and wrongful use of marks identical or confusingly similar to the FRACTAL Marks in connection with the advertising, offering for sale, and sale of artificial intelligence services and software, and/or software for business data analytics and consulting, is likely to confuse and deceive members of the public and trade as to the origin, sponsorship, and affiliation of services offered by Ms. Sloan, and to cause such persons to mistakenly believe that Ms. Sloan is associated with Fractal Analytics and to mistakenly believe that Ms. Sloan's advertising, offering for sale, and sale of artificial intelligence services and software, and/or software for business data analytics and consulting using a mark identical or

confusingly similar to the FRACTAL Marks are authorized by Fractal Analytics.

52. Ms. Sloan's unauthorized use of a mark identical or confusingly similar to the FRACTAL Marks in connection with the advertising, offering for sale, and sale of artificial intelligence services and software, and/or software for business data analytics and consulting is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers as to sponsorship, endorsement, association, or connection between Ms. Sloan and Fractal Analytics. Services sold or advertised by Ms. Sloan through use of a mark identical or confusingly similar to the FRACTAL Marks would reasonably be thought by consumers to be authorized by Fractal Analytics when, in fact, they are not.

53. The foregoing actions of Ms. Sloan have caused great and irreparable injury to Fractal Analytics and, unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

54. The above acts by Ms. Sloan constitute trademark infringement of the registered FRACTAL Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55. The foregoing actions of Ms. Sloan have been knowing, deliberate, willful and in utter disregard of Fractal Analytics' rights.

## COUNT TWO:
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

56. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

57. Ms. Sloan's actions create, cause, and/or contribute to a false association between her and goods and/or services provided by Fractal Analytics. Ms. Sloan thereby causes and contributes to consumer confusion as to the origin of, or affiliation between, Ms. Sloan and

Fractal Analytics and its goods and/or services, and have traded unfairly upon Fractal Analytics's goodwill and reputation, and continue to do so.

58. The foregoing actions of Ms. Sloan have caused great and irreparable injury to Fractal Analytics and, unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

59. The above acts by Ms. Sloan constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. The foregoing actions of Ms. Sloan have been knowing, deliberate, willful, and in utter disregard of Fractal Analytics' rights.

## COUNT THREE: FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

61. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

62. The copying and/or using by Ms. Sloan of the FRACTAL Marks is a false designation of origin that wrongly and falsely designates that goods and/or services marketed and sold by Ms. Sloan now, or in the future, originate from, are connected with, authorized by, or otherwise are associated with Fractal Analytics.

63. The foregoing actions of Ms. Sloan have caused great and irreparable injury to Fractal Analytics and, unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

64. The above acts by Ms. Sloan constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. The foregoing actions of Ms. Sloan have been knowing, deliberate, willful, and in utter disregard of Fractal Analytics' rights.

**COUNT FOUR:**
**STATE TRADEMARK INFRINGEMENT**
**(N.C. Gen. Stat. § 80–11)**

66. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

67. Ms. Sloan has infringed and continues to infringe Fractal Analytics' FRACTAL Marks, in violation of the North Carolina Trademark Registration Act, N.C. Gen. Stat. § 80–11, by:

i employing the unregistered FRACTAL and FRACTALAI marks, which reproduce, counterfeit, copy, and/or colorably imitate Fractal Analytics' registered FRACTAL Marks;

ii using its unregistered FRACTAL and FRACTALAI marks throughout North Carolina in connection with the sale, offering, distribution, and advertising of artificial intelligence services and software, and/or software for business data analytics and consulting; and

iii using the FRACTAL and FRACTALAI marks in a manner that is likely to cause confusion, mistake, and/or deception of consumers as to the source of origin of the goods and/or services offered or provided by Ms. Sloan.

68. Ms. Sloan continues to use marks confusingly similar to Fractal Analytics' registered FRACTAL Marks after having received notice that such use infringes Fractal Analytics' marks.

69. The foregoing actions of Ms. Sloan have caused great and irreparable injury to Fractal Analytics and, unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

70. The foregoing actions of Ms. Sloan have been knowing, deliberate, willful, and in utter disregard of Fractal Analytics' rights.

**COUNT FIVE:**
**STATE UNFAIR COMPETITION**
**(N.C. Gen. Stat. § 75-1.1)**

71. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

72. Ms. Sloan is using unfair methods of competition in or affecting commerce and unfair and deceptive practices in or affecting commerce through the use of FRACTAL and FRACTALAI in violation of N.C. Gen. Stat. § 75-1.1.

73. The foregoing actions of Ms. Sloan have caused great and irreparable injury to Fractal Analytics and, unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

74. The foregoing actions of Ms. Sloan have been knowing, deliberate, willful, and in utter disregard of Fractal Analytics' rights.

**PRAYER FOR RELIEF**

WHEREFORE, Fractal Analytics respectfully requests of this Court:

1. That judgment be entered in favor of Fractal Analytics on its claims of trademark infringement, unfair competition, and false designation of origin.

2. That the Court enter a permanent injunction barring Ms. Sloan, any entity under her ownership or control, and any such entities' officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participating with any of them from:

i committing or contributing to any further acts of trademark infringement, unfair competition, and false designation of origin;

ii using any term which is likely to be confused with Fractal Analytics' FRACTAL Marks;

iii committing any other acts calculated to cause consumers and the general public to believe that Ms. Sloan's goods and/or services are Fractal Analytics' and from competing unfairly with Fractal Analytics in any manner; and

iv using any term which is likely to be confused with Fractal Analytics' FRACTAL Marks in any way in the conduct of its business, advertising, and in promoting its business.

3. That judgment be entered in favor of Fractal Analytics and against Ms. Sloan for all damages sustained by Fractal Analytics due to Ms. Sloan's trademark infringement, unfair competition, and false designation of origin;

4. That an accounting be ordered in favor of Fractal Analytics and against Ms. Sloan for all profits received due to Ms. Sloan's trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act and North Carolina state law;

5. That the Court order an award of costs and reasonable attorney's fees incurred by Fractal Analytics in connection with this action pursuant to 15 U.S.C. § 1117(a), N.C. Gen. Stat. § 75-16.1, and any other applicable federal or North Carolina state law;

6. That the award to Fractal Analytics for Ms. Sloan's trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act be trebled and/or increased in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, N.C. Gen. Stat. § 75-16, and any other applicable federal or North Carolina state law;

7. That actual, compensatory, and punitive or exemplary damages, where available, be entered against Ms. Sloan for its wrongful actions;

8. That Fractal Analytics be awarded pre-judgment interest and post-judgment interest on the above damages awards; and

9. That the Court order an award to Fractal Analytics of such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

10. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fractal Analytics hereby demands a jury trial on issues triable by a jury.

Dated: June 27, 2025

By /s/ Joshua F. P. Long

Joshua F. P. Long (NC Bar #26497)
Woods Rogers Vandeventer Black PLC
10 S. Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Phone: (540)983-7725
Fax: (540)983-7711
Josh.long@woodsrogers.com

A. Neal Seth (*for pro hac admission*)
David E. Weslow (*for pro hac admission*)
Adrienne J. Kosak (VA Bar No. 78631)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
(202) 719-7000 (phone)
(202) 719-7049 (fax)
nseth@wiley.law
dweslow@wiley.law
akosak@wiley.law

*Counsel for Plaintiff Fractal Analytics, Inc.*